# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN III FLORES and ALEJANDRA FLORES, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC, <br><br> Defendant. | Case No.: 1:17-cv-00427 JLT <br><br> ORDER GRANTING REQUEST TO AMEND THE WITNESS LIST SET FORTH IN THE PRETRIAL ORDER |

Recently, the Court issued the pretrial order in this case. (Doc. 48). In the order, the Court, for the third time, took exception to plaintiffs' counsel failure to identify witnesses by name. Id. at The Court noted,

> Plaintiffs also identified "FCA's Person Most Knowledgeable" and "Lampe Chrysler Dodge Jeep Ram's Person Most Qualified, Lampe CDJR, 3460 Naglee Road, Tracy, CA" as witnesses, and this is now the third time counsel has failed to identify the specific person at the relevant dealership by name. (*See Durham v. FCA US LLC,* Case No. 2:17-cv-00596 JLT [Doc. 53 at 17]; *Celestine v. FCA US LLC*, Case No.: 2:17-cv-00597 JLT [Doc. 54 at 9]) Previously, the Court admonished the plaintiff's counsel that if he again failed to identify this witness by name, "the Court will strike the witness unless the person is identified by name or there is a showing that the plaintiff does not know the person's name." (*Celestine*, Doc. 54 at 9, n.1) Once again, Plaintiffs' counsel offered no explanation why this person's name was not included in the joint pretrial report. Doubling down, now plaintiff's counsel fails to identity who the "FCA's Person most Knowledgeable." Not only does this not comply with the Court's Local Rules, trial is not a deposition and, even if it were, plaintiff's counsel would have been obligated to identify the categories about which the witness would testify to allow FCA to determine who the proper witness would be. Accordingly, the Court accepts this as an admission that neither witness has any substantive information to add to the trial issues and neither will be permitted to testify at trial absent a showing of manifest injustice.

1

Id. at 10. The order continued in relevant part,

> 2. The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:
> [¶]
> b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph 3, below
> 3. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witness, so the court may consider whether the witness will be permitted to testify at trial. The witness will not be permitted unless:
> a. The witness could not reasonably have been discovered prior to the discovery cutoff;
> b. The court and opposing parties were promptly notified upon discovery of the witness;
> c. If time permitted, the party proffered the witness for deposition; and
> d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

Id.

Without acknowledging the standards needed to amend the pretrial order and without attempting to meet those standards, plaintiff's counsel filed "objections" to the pretrial order identifying the specific people associated with the descriptors previously provided and stating,

> 1. Lampe Chrysler Dodge Jeep Ram's Person Most Qualified- James Steelman, Lampe CDJR, 3460 Naglee Road, Tracy, CA: Plaintiffs had not taken the deposition of the Lampe Chrysler Dodge Jeep Ram and were unable to identify Lampe CDJR's PMQ until it was just recently disclosed to Plaintiffs.
>
> 2. FCA US LLC's Person Most Knowledgeable: Plaintiffs identified Mike McDowell in its Joint Pretrial Statement that was filed in November 2018. The day the Joint Pretrial Statement was filed with the Court on June 10, 2019, Defendants removed Mike McDowell's name from the Pretrial Statement as they intended to produce someone other than Mr. McDowell for trial. Defendants never added another witnesses name to replace Mr. McDowell. After the Pretrial Trial Conference, FCA notified Plaintiffs that FCA's Person Most Knowledgeable ("PMK") would be Tina Dietrich. FCA's PMK was not deposed in this matter so Plaintiffs were unable to confirm who FCA's Person Most Knowledgeable was without identification from the Defendant.
>
> Plaintiffs and its counsel will be substantially prejudiced if they are unable to call FCA's PMK in its case in chief.

Missing from this statement is an explanation why counsel failed to identify the Lampe employee earlier in the litigation, given the fact that plaintiffs' counsel has identified the "person most qualified" at the specific dealer at issue in each of the other two cases cited above. Seemingly, calling a person of this ilk is standard in every case. Thus, it boggles the mind that counsel waits until *after* the pretrial conference to attempt to identify this key witness.

This is true also as to FCA's corporate witness. Plaintiffs' counsel has listed "FCA's Person Most Knowledgeable" in each of the earlier two cases noted here, though counsel has identified the specific person who would testify before. When counsel met and conferred to develop the joint pretrial statement, this would have been an ideal time to inquire who FCA would produce. Nevertheless, plaintiffs' counsel fails to offer any explanation why this did not occur or, if it did, FCA's response.

In short, the Court finds the plaintiffs counsel has failed utterly to demonstrate that the failure to list the witnesses was due to any inability to identify them; rather the Court has little doubt that it was due to purposeful action. Likewise, concluding that "Plaintiffs and its [sic] counsel[1]" would be prejudiced if the witnesses are not allowed doesn't even attempt to meet the standard of "manifest injustice." Despite this, the Court **ORDERS**:

1. The witness list set forth in the pretrial order is amended to include James Steelman, Lampe Chrysler Dodge Keep Ram's Person Most Qualified, Lampe CDJR, 3460 Naglee Road, Tracy, CA and Tina Dietrich, FCA's Person Most Knowledgeable. **This is absolutely the last time the Court will "bail out" counsel. In future, if counsel truly is unable, despite diligence, to identify a witness by name, they SHALL describe in detail the efforts made to do so in the joint pretrial order. Failure to name the witness or to explain the inability to do so, will result in the Court refusing to allow the witness and to summarily strike the subsequent "objection" to the pretrial order**;

2. The pretrial order is amended to add as a disputed fact that, "Plaintiffs claim that they were harmed because FCA US LLC failed to repair the 2012 Dodge Ram 1500 within 30 days."

IT IS SO ORDERED.

    Dated: __June 27, 2019__          ____/s/ Jennifer L. Thurston____
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has absolutely no understanding how "counsel" would be prejudiced by the exclusion of the witnesses. The attorneys are not parties to the action. If counsel somehow would suffer prejudice as a result, it would be prejudice of their own making.